## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SMART GLOVE HOLDINGS, SDN. BHD. and SMART GLOVE CORPORATION, SDN. BHD.,**

      Lot 6487, Batu 5 ¾,
      Sementajln Kapar
      42100 Klang, Selangor D.E.
      Malaysia

          **Counterclaimants,**

    **v.**

**TILLOTSON CORPORATION,**

          **Counterclaim Defendant.**

C.A. _____

## <u>NOTICE OF REMOVAL</u>

1.      Smart Glove Holdings Sdn. Bhd. and Smart Glove Corporation Sdn. Bhd. (collectively "the Smart Glove counterclaimants") are respondents in an investigation pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, pending in the United States International Trade Commission ("ITC"), entitled <u>In The Matter Of Certain Nitrile Gloves</u>, Inv. Nos. 337-TA-608 and 337-TA-612.

2.      On May 7, 2008, the Smart Glove counterclaimants filed a Counterclaim against the complainant in the ITC proceeding, Tillotson Corporation ("Tillotson"), pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e).

3.      Pursuant to 19 C.F.R. § 210.14(e), an ITC respondent who files a counterclaim in the ITC "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

4.      Venue in this District is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the Counterclaim occurred in this District in the wrongful enforcement of a fraudulently procured patent in the ITC.

5.      This Court would also have had original jurisdiction over the claims of the Smart Glove counterclaimants pursuant to 28 U.S.C. § 1332(a)(2), as the Smart Glove counterclaimants and Tillotson are citizens of a foreign state and a State and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      This Notice of Removal is timely because it is filed the day after the filing of the Counterclaim in the ITC, and the Counterclaim was filed more than ten days before the commencement of the evidentiary hearing in the ITC investigation.

7.      A true and correct copy of the filed Counterclaim and the EDIS Cover Sheet for Hard Copy Submission are attached as Exhibit A hereto.

8.      Pursuant to 28 U.S.C. § 1446(f), "the district court shall resolve such counterclaim in the same manner as an original complaint under the Federal Rules of Civil Procedure, except that the payment of a filing fee shall not be required . . . . "

DATE:    May 8, 2008

_____

Scott M. Daniels
D.C. Bar No.939447
WESTERMAN, HATTORI,
DANIELS & ADRIAN, LLP
1250 Connecticut Avenue, N.W.
Suite 700
Washington, DC 20036
Telephone: (202) 822-1100
Facsimile: (202) 822-1111

*Counsel for Counterclaimants*
*Smart Glove Holdings Sdn. Bhd.*
*and Smart Glove Corporation Sdn. Bhd.*

# EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.
Before The Honorable Theodore R. Essex
Administrative Law Judge

| | |
|---|---|
| In the Matter of:<br><br>**CERTAIN NITRILE GLOVES**<br><br><br>**SMART GLOVE HOLDINGS, SDN. BHD.<br>and SMART GLOVE CORPORATION,<br>SDN. BHD.,**<br><br>        **Respondents/<br>        Counterclaimants,**<br><br>   v.<br><br>**TILLOTSON CORPORATION,**<br><br>        **Complainant/<br>        Counterclaim Defendant.** | **Investigation Nos. 337-TA-608 and<br>337-TA-612** |

RECEIVED
SEC OF THE SECRETARY
U.S. INT'L TRADE COMM
2008 MAY -7  PM 3: 30

## COUNTERCLAIM

Pursuant to 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e), Respondents/Counter-claimants Smart Glove Holdings Sdn. Bhd. and Smart Glove Corporation Sdn. Bhd. (collectively "the Smart Glove counterclaimants") assert this Counterclaim against Complainant Tillotson Corporation ("Tillotson") and in support hereof aver as follows:

## The Parties

1.     Smart Glove Holdings Sdn. Bhd.is a foreign corporation with a principal place of business Lot 6487, Batu 5 3/4, Sementajln Kapar, 42100 Klang, Selangor D.E., Malaysia.

2.     Smart Glove Corporation Sdn. Bhd is a foreign corporation with a principal place of business at Lot 6487, Batu 5 3/4, Sementajln Kapar, 42100 Klang, Selangor D.E., Malaysia.

3.     Tillotson is a Massachusetts corporation with a principal place of business located at One Cranberry Hill, Suite 105, Lexington, Massachusetts.

## Jurisdiction And Venue

4.     The filing of this Counterclaim in the United States International Trade Commission is authorized by 19 U.S.C. § 1337(c) and 19 C.F.R. § 210.14(e) with the proviso that the respondents/counterclaimants "shall immediately file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the respondent would exist under 28 U.S.C. 1391."

5.     The Smart Glove counterclaimants will be removing this Counterclaim to the United States District Court for the District of Columbia.

6.     The United States District Court for the District of Columbia will have jurisdiction over this Counterclaim pursuant to 19 U.S.C. § 1337(c) and 28 U.S.C. § 1332(a)(2), because the Smart Glove counterclaimants and Tillotson are citizens of a State and a foreign state and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

- 2 -

7.    Venue in the United States District Court for the District of Columbia, is proper pursuant to 28 U.S.C. § 1391(a)(2).

## General Averments

8.    Tillotson was the owner of United States Patent No. 5,014,362 ("the Original '362 patent") which was surrendered during the reissue proceedings that led to U.S. Patent No. Re. 35,616 ("the Reissue '616 patent").

9.    Tillotson is the owner of the Reissue '616 patent.

10.    Tillotson has had a pattern of filing district court lawsuits in Georgia alleging infringement of the Reissue '616 patent that are not designed to obtain an adjudication on the merits of the infringement, validity and enforceability of the Reissue '616 patent. Indeed, in many cases Tillotson does not even attempt to effect service of the complaint. Rather, Tillotson uses these lawsuits and the substantial costs that would be incurred in defending them in an effort to coerce the named defendants into agreeing to take licenses to the Reissue '616 patent. Among the persons against whom Tillotson has filed such actions are the Smart Glove counterclaimants and the Smart Glove counterclaimant's U.S. customers.

11.    Additionally, Tillotson has filed and caused to be served and continues to enforce an Amended Complaint in this ITC Investigation pending in the District of Columbia alleging infringement of the Reissue '616 patent on the part of the Smart Glove counterclaimants and the Smart Glove counterclaimants' U.S. customers.

12.    At the times Tillotson initiated the litigations referred to above, Tillotson knew that the Reissue '616 patent was (a) invalid because, inter alia, the claims were in certain

- 3 -

regards impermissibly broader in scope than claims of the Original '362 patent in derogation of

35 U.S.C. § 251, and the Reissue '616 patent is based on a defective reissue declaration; and (b)

unenforceable by reason of Tillotson's fraudulent and inequitable conduct as set forth in

paragraph 13 below. Tillotson's pursuit of such litigation to enforce a fraudulently procured

patent and in particular the continued pursuit of the ITC Investigation, has been in bad faith.

    13.    Tillotson's fraudulent and inequitable conduct consists of the following:

        (a)    Tillotson filed the application for a reissue patent that led to the

Reissue '616 patent because, <u>inter alia</u>, it believed the Original '362 patent to be partly inopera-

tive or invalid by reason of Tillotson claiming in error more than Tillotson had a right to claim

in view of prior art that Tillotson claimed it was not aware of until after the Original '362 patent

issued.

        (b)    Pursuant to 35 U.S.C. § 251, the reissue of a defective patent to

correct an error is only authorized when the error was "without deceptive intent."

        (c)    In an attempt to establish that the "error" was without deceptive

intent, Tillotson filed with the United States Patent and Trademark Office (the "PTO") a decla-

ration by Neil E. Tillotson, one of the named inventors, in which Mr. Tillotson represented that

during the prosecution of the Original '362 patent "neither the patent Applicant nor its attorneys

were aware of the prior art" that rendered the Original '362 patent partly inoperative or invalid,

which included two prior art products, the Solvex® glove and the Derma-Thin™ glove.

        (d)    This representation was knowingly false.

        (e)    This representation was highly material.

        (f)    This representation was made with the intent to deceive or mislead

the PTO.

(g)     The PTO was deceived and but for this false representation the PTO would not have issued the Reissue '616 patent.

(h)     The Solvex® and Derma-Thin™ gloves were highly material to the patentability of the Original '362 patent.

(i)     Tillotson's knowing and intentional failure to disclose the Solvex® and Derma-Thin™ gloves during the prosecution of the Original '362 patent was with the intent to deceive or mislead the PTO.

(j)     The PTO was deceived and had the Solvex® and Derma-Thin™ gloves been disclosed during the prosecution of the patent, the Original '362 patent would not have been allowed by the PTO in the form it was issued.

(k)     During the prosecution of the Reissue '616 patent, Tillotson and its attorneys relied on certain test data to support claims that it was seeking in the reissue.

(l)     Tillotson knew that this test data was unreliable, but intentionally withheld that fact from the PTO.

(m)     The unreliability of the test data was highly material.

(n)     The knowing and intentional withholding of the fact that the test data was unreliable was done with the intent to deceive or mislead the PTO.

(o)     The PTO was deceived, and but for Tillotson's intentional with-holding of the known unreliability of test data that it relied upon to support it, claim 23 of the Reissue '616 patent would not have been allowed by the PTO.

14.     Tillotson has publicized on the Internet at least some of its litigations and its coerced settlements in an attempt to induce customers not to purchase gloves from its competitors such as the Smart Glove counterclaimants.

15.     Tillotson has been sued in this Court by Ansell Healthcare Products LLC ("Ansell Healthcare") and Ansell Protective Products Inc. ("Ansell Protective Products") for unfair competition and tortuous interference, on the same counts alleged herein.  Case No. 1:08cv585-RMC

### Count I
### Unfair Competition

16.     The Smart Glove counterclaimants incorporate herein by reference the averments of paragraphs 1-15 above.

17.     The conduct of Tillotson as averred above constitutes unfair competition.

18.     As a result of such unfair competition, the Smart Glove counterclaimants have sustained and will continue to sustain injury to their business and property, including, _inter alia_, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

19.     Tillotson's unfair competition is knowing, willful and warrants an award of punitive damages.

**Count II**
**Tortious Interference With Contract And Prospective Economic Advantage**

20.    The averments of paragraphs 1-19 above are incorporated herein by reference.

21.    The improper and tortious actions as described above have interfered with existing contractual rights and prospective economic advantage of the Smart Glove counterclaimants.

22.    Tillotson has at all times acted with knowledge of the Smart Glove counterclaimants' valid business relationships and expectancies.

23.    As a result of Tillotson's tortious conduct, the Smart Glove counterclaimants have sustained and will continue to sustain injury to their business and property, including, inter alia, increased costs of supply, costs of defending against Tillotson's knowing pursuit of invalid and unenforceable claims of a fraudulently obtained patent, and costs inherent in the disruption of their businesses.

24.    Tillotson's tortious interference with the Smart Glove counterclaimants' contractual rights and prospective economic advantage is knowing, willful and warrants an award of punitive damages.

WHEREFORE, the Smart Glove counterclaimants pray for judgment against Tillotson as follows:

- 7 -

(a)      A permanent injunction prohibiting Tillotson from asserting or threatening to assert infringement of the Reissue '616 patent against the Smart Glove counterclaimants, their customers and their potential customers;

(b)      A declaration that the Reissue '616 patent was fraudulently obtained and is invalid and unenforceable;

(c)      An award of compensatory damages;

(d)      An award of punitive damages; and

(e)      The award of such further relief as the Court may deem just and proper.

DATED:   May 7, 2008

_____

Scott M. Daniels
WESTERMAN, HATTORI,
DANIELS & ADRIAN, LLP
1250 Connecticut Avenue, N.W.
Suite 700
Washington, DC 20036
Telephone: (202) 822-1100
Facsimile: (202) 822-1111

*Counsel for Counterclaimants*
*Smart Glove Holdings Sdn. Bhd.*
*and Smart Glove Corporation Sdn. Bhd.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008, I caused copies of the foregoing

Counterclaim to be served upon the following persons as indicated below:

| | |
|---|---|
| Honorable Marilyn R. Abbott<br>Secretary<br>U.S. INTERNATIONAL TRADE<br>COMMISSION<br>500 E Street, S.W.<br>Washington, D.C. 20436<br><br>Via Hand Delivery<br>Original and 6 Copies | The Honorable Theodore R. Essex<br>Administrative Law Judge<br>U.S. INTERNATIONAL TRADE<br>COMMISSION<br>500 E Street, S.W.<br>Washington, D.C. 20436<br><br>Via Hand Delivery<br>2 Copies |
| Tamara Lee, Esq.<br>ALJ Attorney-Advisor<br>U.S. INTERNATIONAL TRADE<br>COMMISSION<br>500 E Street, S.W.<br>Washington, D.C. 20436<br><br>Via Electronic Mail –<br>Tamara.Lee@usitc.gov | ***Commission Investigative Attorney***<br>Erin D.E. Joffre, Esq.<br>Office of Unfair Import Investigations<br>U.S. INTERNATIONAL TRADE<br>COMMISSION<br>500 E Street, S.W., Room 401<br>Washington, DC 20436<br><br>Via Hand Delivery |
| ***Counsel for Complainant Tillotson Corporation*** | |
| Gilbert B. Kaplan, Esq.<br>Jeffrey M. Telep, Esq.<br>Taryn L. Koball, Esq.<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue, N.W.<br>Washington, DC 20006<br><br>Via Electronic Mail<br>Tillotson337@kslaw.com | Anthony B. Askew, Esq.<br>Katrina M. Quicker, Esq.<br>Jason M. Pass, Esq.<br>KING & SPALDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br><br>Via Electronic Mail<br>Tillotson337@kslaw.com |

- 9 -

| | |
|---|---|
| Gregory C. Dorris, Esq.<br>Charles H. Carpenter, Esq.<br>Sean P. Branford, Esq.<br>Alison L. McCarthy, Esq.<br>PEPPER & HAMILTON LLP<br>600 Fourteenth Street, N.W.<br>Washington, D.C. 20005<br><br>Via Electronic Mail<br>dorrisg@pepperlaw.com<br>carpenterc@pepperlaw.com | William D. Belanger, Esq.<br>Aaron J. Levangie, Esq.<br>PEPPER & HAMILTON LLP<br>125 High Street<br>15th Floor, Oliver Street Tower<br>Boston, MA  02110-2736<br><br>Via Electronic Mail<br>Tillotson@pepperlaw.com |

**Represented Respondents**

| | |
|---|---|
| **Counsel for Respondent Adenna, Inc.**<br>Douglas A. Frymer, Esq.<br>4981 Irwindale Avenue, Suite 100<br>Irwindale, CA  91706<br><br>Via Electronic Mail<br>legal@starshieldarmor.com | **Counsel for Respondent Ansell Ltd.**<br>Thomas B. Kenworthy, Esq.<br>David W. Martson, Jr., Esq.<br>Rebecca J. Hillyer, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA  191203<br><br>Via Electronic Mail<br>tkenworthy@morganlewis.com |
| **Counsel for Respondents Cardinal Health, Inc., Cardinal Health 200, Inc. and Cardinal Health Malaysia 211 Sdn. Bhd.**<br>Paul F. Brinkman, Esq.<br>Jeffrey Schwartz, Esq.<br>ALSTON & BIRD LLP<br>950 F Street, N.W.<br>Washington, D.C. 20004<br><br>Via Electronic Mail<br>paul.brinkham@alston.com<br>Cardinal.ITC@alston.com | **Counsel for Respondent Darby Group Companies, Inc.**<br>Michael S. French, Esq.<br>Shanon J. McGinnis, Esq.<br>Sarah-Nell H. Walsh, Esq.<br>Joseph D. Wargo, Esq.<br>WARGO & FRENCH, LLP<br>1170 Peachtree Street, NE, Suite 2020<br>Atlanta, GA  30309<br><br>Via Electronic Mail<br>itc@wargofrench.com |

| | |
|---|---|
| ***Counsel for Dentexx and First Medica Infection Control Associates***<br>James L. Lester, Esq.<br>MacCORD MASON<br>1600 Wachovia Tower<br>300 North Green Street<br>Greensboro, NC 27402<br><br>Via Electronic Mail<br>jlester@maccordmason.com | ***Counsel for Respondent Dynarex Corporation***<br>Merritt R. Blakeslee, Esq.<br>Donald E. DeKieffer, Esq.<br>J. Kevin Horgan, Esq.<br>Gregory S. Menegaz, Esq.<br>DEKIEFFER & HORGAN<br>729 Fifteenth Street, N.W., Suite 800<br>Washington, D.C. 20005<br><br>Via Electronic Mail<br>mblakeslee@dhlaw.com |
| ***Counsel for Respondents Hartalega Holdings Bhd.; JDA (Tianjin) Plastic Rubber Co. Ltd.; Kossan Rubber Industries Bhd.; Laglove (M) Sdn. Bhd; Latexx Partners Berhad; PT Medisafe Technologies; PT Shamrock Manufacturing Corporation; Riverstone Resources Sdn. Bhd.; Top Glove Corp Bhd.; and YTY Holdings Sdn. Bhd;***<br>Perry R. Clark, Esq.<br>Jenny N. Lee, Esq.<br>Michael T. Pieja, Esq.<br>Jared N. Edgar, Esq.<br>Kenny Nguyen, Esq.<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br><br>Via Electronic Mail<br>NitrileGlove@kirkland.com | ***Counsel for Respondent Liberty Glove, Inc.***<br>Luisa Jaffe, Esq.<br>CLAREMONT LAW GROUP, INC.<br>618 West Baseline Road<br>Claremont, CA 91711<br><br>Rosa S. Jeong, Esq.<br>GREENBERG TRAURIG, LLP<br>2101 L Street, N.W., Suite 1000<br>Washington, D.C. 20037<br><br>Via Electronic Mail<br>ljaffe@claremontlaw.com<br>nitrilegloves@gtlaw.com |
| ***Counsel for Respondent Protective Industrial Products Inc.***<br>Elizabeth Borland, Esq.<br>SMITH, GAMBRELL & RUSSELL, LLP<br>Promenade II, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3592<br><br>Via Electronic Mail<br>egborland@sgrlaw.com | ***Counsel for Respondent QRP Inc., d/b/a GRP Gloves***<br>Daniel J. Quigley, Esq.<br>QUIGLEY & WHITEHILL PLC<br>2730 E. Broadway, Suite 160<br>Tucson, AZ 85716<br><br>Via Electronic Mail<br>quigley@qwlaw.com |

*Counsel for Respondent Tronex International, Inc.*
Maureen F. Browne, Esq.
Jenny Workman, Esq.
HELLER EHRMAN, LLP
1717 Rhode Island Avenue, N.W.
Washington, D.C. 20036

Via Electronic Mail
maureen.browne@hellerehrman.com

 **UNITED STATES INTERNATIONAL TRADE COMMISSION** 

## EDIS Cover Sheet for Hard Copy Submission

Print this page and submit it with your filing to the USITC.

**Security:** PUBLIC

EDIS To

Home

Search

Help

Welcome **S**

Log Out

Change P:

Service Li:

Daily Filin

### DOCUMENT INFORMATION

**Document #**

|||||| 2 9 9 6 1 8 |||||

| | |
|---|---|
| **Official Receive Date** | 05/07/2008 14:55 |
| **System Receive Date** | 05/07/2008 14:55 |
| **Document Type** | Other |
| **Document Title** | Counterclaim |
| **Document Date** | 05/07/2008 |

### INVESTIGATION INFORMATION     Investigation Number: 337-608

| | |
|---|---|
| **Phase** | Violation |
| **Area of Interest** | Sec 337 |
| **Investigation Title** | |

Certain Nitrile Gloves, Inv. No. 337-TA-608

### SUBMITTER INFORMATION

| | |
|---|---|
| **Filed By** | Scott M. Daniels |
| **Firm / Organization** | Westerman Hattori Daniels & Adrian, LLP |
| **Submitted By** | sdaniels1 |
| **Filed On Behalf Of** | Smart Glove Holdings, Smart Glove Corporation |
| **Files Received** | - N/A |

[ File Another Document ]

Please be sure to edit information as needed when creating a new document.

[ 🖨 **Print page** ]                              [ **Top of page** 🔝 ]

Questions or Comments? Click **here** to submit.

© 2005 United States International Trade Commission
500 E Street, SW, Washington, DC 20436
Telephone: 202-205-2000

Website policies and important links

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I caused copies of the foregoing Notice Of

Removal to be served upon the following persons as indicated below:

### VIA HAND DELIVERY

Gilbert B. Kaplan, Esquire
Jeffrey M. Telep, Esquire
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006-4706

### VIA FIRST CLASS U.S. MAIL

Anthony B. Askew, Esquire
Katrina M. Quicker, Esquire
Thomas Lundin, Esquire
Jason M. Pass, Esquire
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309

*Counsel for Counterclaim Defendant*
*Tillotson Corporation*

_____
SCOTT M. DANIELS

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Smart Glove Holdings Sdn. Bhd. and Smart Glove Corporation Sdn. Bhd.

### DEFENDANTS

Tillotson Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Malaysia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Middlesex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Scott M. Daniels
Westerman, Hattori, Daniels, & Adrian, LLP
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036-2657

ATTORNEYS (IF KNOWN)

Gilbert B. Kaplan
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4706

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ◉ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

19 U.S.C. Section 1337(c)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ◉ 2 Removed from ITC    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐  **DEMAND $** excess of $75,000   Check YES only if demanded in complaint    **JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒   NO ☐    If yes, please complete related case form.

DATE   May 8, 2008     SIGNATURE OF ATTORNEY OF RECORD    *[signature]*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.