UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMART GLOVE HOLDING, SDN. BHD<br>and SMART GLOVE CORPORATION,<br>SDN. BHD,<br><br>    Counterclaimants,<br><br>v.<br><br>TILLOTSON CORPORATION,<br><br>    Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.: 1:08-cv-00797-RMC<br>)<br>)<br>)<br>)<br>) |

**TILLOTSON CORPORATION'S REPLY MEMORANDUM
SUPPORTING ITS MOTION TO DISMISS WITH PREJUDICE, AND
OPPOSITION TO SMART GLOVE'S MOTION TO DISMISS WITHOUT PREJUDICE**

Smart Glove has given the Court no reason to deny Tillotson's Motion to Dismiss [D.E. # 6], instead simply proposing that the Court dismiss this action without prejudice. Smart Glove's Motion for Voluntary Dismissal and Response to Counterclaim Defendant's Motion to Dismiss ("SG's Motion") at 1 [D.E. # 13]. Smart Glove's counterclaims, however, were compulsory, and its admitted failure to raise them properly bars Smart Glove from basing a new lawsuit on them. The Court should therefore dismiss this action *with* prejudice. Alternatively, the Court should condition a dismissal without prejudice on Smart Glove's reimbursement of Tillotson for its fees and costs incurred here.

**FACTUAL RECORD AND PROCEDURAL BACKGROUND**

Smart Glove concedes that it untimely filed its Counterclaim. SG's Motion at 1. Although Smart Glove's motion supposedly includes a "Response" to Tillotson's Motion to Dismiss on that basis, id., Smart Glove's Response included no "points and authorities in opposition to" Tillotson's request for dismissal with prejudice. See LCvR 7(b). Lacking a

timely opposition from Smart Glove, the Court may therefore treat Tillotson's Motion to Dismiss with prejudice as conceded. Id.

## ARGUMENT

### I. Smart Glove Cannot Re-File Its Claims in an Independent Future Action.

Smart Glove's counterclaims are compulsory if they (1) arise out of the transaction or occurrence at issue in Tillotson's ITC claims; and (2) require no additional party outside this Court's jurisdiction.[1] FED. R. CIV. P. 13(a). Smart Glove's counterclaims and Tillotson's claims need not involve a "precisely identical" set of facts -- they may "embrace[] additional allegations." See Timberland Co. v. Sanchez, 129 F.R.D. 382, 384-385 (D.D.C. 1990) (citations omitted). Because courts give Rule 13's terms "broad meaning," Law Offices of Jerris Leonard, P.C. v. Mideast Sys., Ltd., 111 F.R.D. 359, 361 (D.D.C. 1986) (citing Moore v. New York Cotton Exch., 270 U.S. 593, 610 (1926)), Smart Glove's counterclaims need only raise the same "issues of law and fact" as Tillotson's ITC action. See United States v. Intrados/Int'l Mgmt. Group, 277 F. Supp. 2d 55, 60-61 (D.D.C. 2003); Automated Datatron, Inc. v. Woodcock, 84 F.R.D. 408, 413 (D.D.C. 1979); see also Timberland, 129 F.R.D. at 384-385 (counterclaim compulsory because relies on same "[e]ssential facts").

Smart Glove alleges that Tillotson's ITC action concerns the validity, infringement, and enforceability of the '616 patent. Counterclaim (filed May 7, 2008), ¶ 11. Smart Glove's counterclaims raise the same issues of law and fact: that same patent's alleged invalidity and unenforceability. Id., ¶¶ 12, 13. Smart Glove's counterclaims may "embrace additional allegations" as well, but that fact "does not matter." See Timberland Co., 129 F.R.D. at 384-85.

---

[1] Because Smart Glove does not argue that joinder of any other party is necessary, Tillotson focuses its Opposition on the first criterion of the rule only.

Because the two sets of claims involve the same issues of law and fact, Smart Glove's counterclaims are compulsory.

Moreover, Smart Glove's attempt to file and remove its counterclaims from the ITC proceeding demonstrates that those counterclaims are compulsory. Had the claims for unfair competition or tortious interference been permissive counterclaims then Smart Glove could have simply filed suit in federal court. Instead, Smart Glove used a file-and-remove procedure specifically created by Congress to allow this Court jurisdicton over *compulsory* counterclaims arising out of ITC proceedings. See 28 U.S.C. § 1368; S. Rep. 103-412, at 118-120 (1994).[2] Having invoked this Court's jurisdiction over compulsory counterclaims arising from an ITC proceeding, Counterclaim, ¶ 6, Smart Glove cannot now deny the basis of its own allegation.

In responding to Tillotson's ITC action, Smart Glove thus faced a choice: raise its compulsory counterclaims there, or forego the opportunity to raise it elsewhere. See Jerris Leonard, P.C., 111 F.R.D. at 361 ("If a party fails to plead a compulsory counterclaim while litigation is pending, it is forever barred from raising the claim.").[3] Because Smart Glove failed

---

[2] Before the Uruguay Round Amendments of the General Agreement of Tariffs and Trade (GATT) Agreement, defendants in an ITC investigation regarding imported goods did not have a way to assert compulsory counterclaims. See S. REP. 103-412, at 118-120 (1994). The inability of defendants in an ITC action, such as Smart Glove, to raise compulsory counterclaims led to a finding by a GATT panel that the ITC statute violated certain international treaty obligations. In response, Congress enacted legislation that provided a mechanism to raise compulsory counterclaims in an ITC investigation by removing the counterclaims to district court. Id.; see also H. REP. 103-316, at 4066-67 (1994).

[3] Although the Court's past decisions suggest that failure to assert a compulsory counterclaim bars future assertions of similar counterclaims even in actions where they are arguably compulsory as well, Jerris Leonard, P.C., 111 F.R.D. at 361 ("The purpose of [Federal Rule of Civil Procedure 13(a)] is 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit all disputes arising out of common matters.") (citation omitted), Tillotson's motion to dismiss does not require this Court to reach that issue. Tillotson instead seeks a dismissal with prejudice, which would prevent Smart Glove from raising the same claims as a plaintiff in future actions. Id. (failure to plead a compulsory counterclaim bars the claim from being raised in

(continued...)

to raise those counterclaims properly here, it may not raise them as independent claims elsewhere.

## II. Alternatively, the Court Should Condition Any Dismissal Without Prejudice on Smart Glove's Reimbursement of Tillotson's Fees and Costs.

Courts "common[ly] … require plaintiffs to pay their opponents' reasonable legal fees and costs as a condition of dismissal" without prejudice. McLaughlin v. Cheshire, 676 F.2d 855, 856 (D.C. Cir. 1982); see also Conafay v. Wyeth Lab., 793 F.2d 350, 353 (D.C. Cir. 1986) (harm to defendant as a result of voluntary dismissal can be cured if conditioned upon reimbursement of fees and costs).

Tillotson has incurred substantial attorneys' fees and costs in defending this action, which Smart Glove knew or should have known was untimely filed. In order to cure that prejudice to Tillotson, the Court should require Smart Glove to reimburse Tillotson for the fees and costs that it has incurred as a result of Smart Glove's admittedly untimely counterclaims.

## CONCLUSION

For the foregoing reasons, Tillotson respectfully submits that the Court should deny Smart Glove Motion to Dismiss and that the Court should grant Tillotson's Motion to Dismiss Smart Glove's claims for unfair competition and tortious interference with prejudice. If the Court grants Smart Glove's Motion, however, then Tillotson respectfully submits that the Court should order Smart Glove to reimburse Tillotson for all reasonable fees, including attorneys' fees, and costs that Tillotson has incurred in defending this untimely suit.

---

(continued...)

subsequent litigation). Whether Smart Glove may assert a substantially similar counterclaim in other pending litigation would remain an issue for that Court.

4

Respectfully submitted this 16th day of July, 2008.

/s Brian Meiners
Brian R. Meiners (D.C. Bar No. 482039)

KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-2706
Telephone: (202) 626-2910

Milton Russell Wofford (Admitted *Pro Hac Vice*)
Stephen Paul Cummings (Admitted *Pro Hac Vice*)
Asha Camille Jennings (Admitted *Pro Hac Vice*)

KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4711

*Counsel for Counterclaim Defendant
Tillotson Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMART GLOVE HOLDING, SDN. BHD. <br> and SMART GLOVE CORPORATION, <br> SDN. BHD., <br><br> Counterclaimants, <br><br> v. <br><br> TILLOTSON CORPORATION, <br><br> Counterclaim Defendant. | CASE NO.: 1:08-cv-00797-RMC |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Smart Glove's Motion to Dismiss was served on counsel of record, via the Court's CM/ECF electronic file and serve, this 16th day of July.

/s  Brian Meiners
Brian Meiners
Washington D.C. Bar No. 482039

KING & SPALDING LLP

1700 Pennsylvania Ave, NW
Suite 200
Washington, D.C. 20006-2706
(202) 737-0500 (telephone)
(202) 626-3737 (facsimile)

*Counsel for Counterclaim Defendant*
Tillotson Corporation

6