UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SMART GLOVE HOLDINGS, SDN. BHD, *et al.*, | ) ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | Civil Action No. 08-797 (RMC) |
| TILLOTSON CORPORATION, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

## ORDER

This case arises from the removal of a counterclaim from the International Trade Commission ("ITC"). Pending before the Court is Counterclaim Defendant Tillotson Corporation ("Tillotson")'s Motion to Dismiss, Dkt. # 6, premised upon the alleged failure of Counterclaimants Smart Glove Holdings, SDN. BHD and Smart Glove Corporation, SDN. BHD (collectively, "Smart Glove") to meet an ITC deadline for filing counterclaims of no later than ten business days prior to trial before the agency. *See* 19 C.F.R. § 210.14(e). Shortly after the filing of Tillotson's Motion, Smart Glove moved to dismiss this action voluntarily without prejudice. *See* Dkt. # 13. "[Smart Glove] concedes that its counterclaim was filed less than 10 business days prior to trial and therefore was not jurisdictionally proper at the ITC at the time of its removal [and] therefore moves for voluntary dismissal of this Action *without prejudice*." *Id*. at 1 (emphasis in original). Tillotson opposes Smart Glove's Motion for Voluntary Dismissal, *see* Dkt. # 14, and asks the Court to resolve its Motion instead.

In opposing the Motion for Voluntary Dismissal, Tillotson suggests that Smart Glove initiated this case in bad faith and is now merely seeking to avoid an adverse ruling on the merits. Smart Glove conceded this action was untimely but did not explain why, when it removed the

counterclaim, it thought that jurisdiction was proper. "Tillotson has incurred substantial attorneys' fees and costs in defending this action, which Smart Glove knew or should have known was untimely filed." *Id*. at 4.

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals where a responsive pleading has been filed. The Rule provides that such an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2); *see also Independence FSB v. Bender*, 230 F.R.D. 11, 13 (D.D.C. 2005) ("The decision to grant or deny" a motion for voluntary dismissal "rests in the sound discretion of the trial court.") (citations omitted). In *Independence FSB*, the court explained that in exercising its discretion to dismiss a case under Federal Rule of Civil Procedure 41(a)(2), it must determine:

> (1) whether plaintiff's motion for voluntary dismissal was sought in good faith; and (2) whether the defendant[] would suffer "legal prejudice" from a dismissal at this stage in the litigation. In determining whether a defendant would suffer legal prejudice by voluntary dismissal . . . the Court must consider (1) defendant's effort and expense for preparation of trial; (2) excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) the adequacy of plaintiff's explanation of the need for dismissal; and (4) the stage of litigation at the time the motion to dismiss is made, specifically whether a motion for summary judgment is pending.

*Id*. at 13 (citations omitted).

Smart Glove conceded that this action is untimely. It remains unclear, however, whether Smart Glove initiated this action in bad faith. Accordingly, it is hereby

**ORDERED** that Counterclaimants shall **SHOW CAUSE** no later than September 26, 2008 why this case should not be dismissed *with* prejudice and why they should not be ordered to pay Counterclaim Defendant's costs and attorney's fees incurred in litigating this action.

**SO ORDERED**.

Date: September 5, 2008                                /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge